USCA1 Opinion

 

 May 11, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1021 HO WONG, Plaintiff, Appellant, v. THOMAS MATERAZZO, ETC., ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ___________________ Ho Wong on brief pro se. _______ Albert W. Wallis, City of Boston Corporation Counsel, and _________________ William J. Pidgeon, Jr., Assistant Corporation Counsel, City of ________________________ Boston, Law Department on brief for appellee. __________________ __________________ Per Curiam. Plaintiff appellant states that he is __________ a homeless veteran who resides in Boston. He brought this action under 42 U.S.C. 1983 claiming that the Veterans Services Department for the City of Boston wrongfully suspended the benefits to which he was entitled under Mass. Gen. L. ch. 115, when he failed to provide a residential address within the City. Plaintiff's request for restoration of benefits was denied and he appealed to the Commonwealth Office of Veterans' Services. Shortly after he filed that appeal, he filed this complaint in district court alleging that the suspension of benefits violated state law and regulations1 and the Due Process Clause of the Constitution.2 The district court granted the defendants' motion to dismiss for failure to exhaust administrative remedies. Plaintiff argues that the dismissal was error under the ____________________ 1. Massachusetts veterans' benefits are made payable by the municipality where the veteran "resides," meaning that the veteran is "present within a city or town . . . notwithstanding the lack of a present abode, with no present intention of definite or early removal . . . . " Mass. Gen. L. ch. 115, 1, 5; 108 CMR 2:02(7). 2. Plaintiff also charged a violation of the Eighth Amendment and a deprivation of the constitutional right to equal protection of the laws. We treat both claims as surplusage. There are no facts alleged to support an Eighth Amendment claim, and the equal protection claim is contradicted by plaintiff's allegations that state law and policy require equal treatment. Any violation of state law would be correctable in state court. See discussion infra at ___ _____ 3. -2- general principal that exhaustion of state administrative remedies is not a prerequisite to maintenance of a suit under 1983. Patsy v. Board of Regents, 457 U.S. 496 (1982); _____ _________________ Miller v. Town of Hull, 878 F.2d 523, 530 (1st Cir.), cert. ______ ____________ _____ denied, 493 U.S. 976 (1989). To maintain his claim under ______ 1983, however, the plaintiff must allege a cognizable violation of the Due Process Clause. "The constitutional violation actionable under 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide [suitable post deprivation remedies]." Zinermon v. Burch, 494 U.S. 113, 126 (1990). Moreover, the ________ _____ crux of plaintiff's complaint is that the defendants disregarded state law and regulations when they suspended his benefits. Ordinarily, an "alleged misuse or disregard of state law by state officials does not constitute a deprivation of property without constitutional due process. . . . Such deficiencies, if they exist, are readily and adequately correctable under state law in state court." Malachowski v. Keene, 787 F.2d 704 (1st Cir.), cert. denied, ___________ _____ ____________ 479 U.S. 828 (1986) (citing Pennhurst State School & Hospital _________________________________ v. Halderman, 465 U.S. 89, 104 (1984)). _________ We do not here consider the assertions in plaintiff's motion to amend the complaint, filed after the district court ordered dismissal of the action "without prejudice." The motion was denied because this appeal was -3- pending. New matters must be properly presented to the district court for decision; they may not be addressed for the first time on appeal. Affirmed. ________ -4-